# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSSELL HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6622** |
| **ORLEANS DISTRICT ATTORNEY'S OFFICE, ET AL.** | **SECTION: "C"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Russell Harris, a state prisoner, filed this *pro se* complaint against the Orleans Parish District Attorney's Office, District Attorney Leon Cannizzaro, the New Orleans Police Department, and Detective Michael Lohman.[1] In this lawsuit, plaintiff claims that he was subjected to an illegal search and seizure, unlawfully arrested, and wrongfully denied a copy of a search warrant.

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] Plaintiff lists "Michael Loman" as a defendant; however, it is apparent that he is in fact referring to Michael Lohman, the detective who executed the search warrant in plaintiff's state criminal case.

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that plaintiff's complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

### Improper Defendants

As a preliminary matter, the Court notes that plaintiff has improperly named as defendants the Orleans Parish District Attorney's Office and the New Orleans Police Department.

It is clear that the Orleans Parish District Attorney's Office is not a proper defendant. A district attorney's office simply is not a legal entity capable of being sued. Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name.").

It is also clear that the New Orleans Police Department is likewise not a legal entity capable of being sued. Everson v. N.O.P.D. Officers (Names Unknown), Civ. Action No. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); Atkinson v. NOPD, Civ. Action No. 06-5820, 2007 WL 2137793, at *1 (E.D. La. July 23, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

1030326, at *11 (E.D. La. Mar. 28, 2007); Manley v. State of Louisiana, Civ. Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001).

Accordingly, plaintiff's claims against the Orleans Parish District Attorney's Office and the New Orleans Police Department should be dismissed. Further, even if the Court assumes that the remaining defendants are properly named, the claims against them should likewise be dismissed for the following reasons.

## Illegal Search and Seizure/Unlawful Arrest

Plaintiff claims that Detective Michael Lohman falsified a search warrant for a store located in the 5500 block of North Galvez Street in New Orleans on October 9, 1998.[3] Plaintiff further claims that the search ultimately resulted in him being unlawfully arrested.

On June 29, 1999, plaintiff was convicted of one count of possession with intent to distribute cocaine and one count of possession of twenty-eight to two hundred grams of cocaine. The underlying facts relating to his arrest and conviction are set forth in detail in State v. Johnson, 780 So.2d 403 (La. App. 4th Cir. 2000). That opinion summarized the evidence presented at trial regarding the search now challenged in the instant lawsuit:

> Detective Michael Lohman, NOPD officers and DEA Agents participated in obtaining a search warrant for, and conducting surveillance of, C & G Liquor store, located in the 5500 block of North Galvez Street. At approximately 1:30 p.m. on 9 October 1998, Detective Lohman observed Terrance Johnson, one of the targets of the investigation, loitering in front of the liquor store. Detective Lohman noted several instances where a subject would approach Johnson, engage in brief conversation, and then enter the store followed by Johnson. Moments later the individual would exit the store, not carrying any items, and then leave the area. Johnson would then resume loitering in front of the store, counting money in his

---

[3] Plaintiff does not explain the basis for his allegation that the search warrant was falsified.

4

> hands, until the next subject approached him. Based on these observations, Detective Lohman suspected narcotics activity. Shortly before 2:00 p.m., Russell Harris arrived in a black Mitsubishi Diamonte accompanied by Mario Breedlove. Both men entered the store followed by Johnson. Shortly thereafter, Johnson exited the store and resumed his suspect behavior. Satisfied there was drug activity at the location, Detective Lohman signaled back up officers to execute the warrant.
> Johnson walked across the street to another store where he was intercepted by officers and returned to the target location. As officers entered C & G they encountered four individuals behind the counter, who were secured, and advised of the search warrant. Detective Lohman advised the detainees of their Miranda rights, placed them under arrest, and began searching the store. Officers found a "slab" of rock cocaine and $191 in the cash register. A search of the beverage cooler yielded 23 grams of crack cocaine. Russell Harris, Terrance Johnson, Greg Morris and Mario Breedlove were arrested for possession of cocaine.
> Searching the store further, the officers discovered a razor blade containing a white residue; two cigar boxes containing glass tubes, wire mesh and small plastic bags, items common to narcotics consumption and packaging; one digital and twelve handheld metal scales.

Id. at 407-08.

For the purposes of a federal civil rights action, plaintiff's illegal search and seizure and false arrest claims accrued in 1998 when the alleged constitutional violations occurred. See Wallace v. Kato, 549 U.S. 384 (2007); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009); Shipp v. Richardson, Civ. Action No. 3:07CV-P693-S, 2008 WL 2358859, at *2 (W.D. Ky. June 7, 2008). He then had only one year from the date of accrual to brings his claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Jordan, 2009 WL 2900013, at *2; Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Plaintiff's federal civil rights complaint was filed no earlier

than September 24, 2009,[4] almost *eleven years* after his claims accrued in 1998. Accordingly, his claims prescribed long before the instant lawsuit was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Jordan, 2009 WL 2900013, at *2; Smith, 2008 WL 2951279, at *2.[5]

Public Records Claim

In this lawsuit, plaintiff also claims that the defendants have failed to provide him with a copy of the search warrant as requested. However, even if that allegation is true, that public records claim implicates no federal constitutional or statutory rights. Therefore, he has no right to assert the claim under 42 U.S.C. § 1983. See Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914 (E.D. La. Sept. 24, 1992), aff'd, 996 F.2d 306 (5th Cir. 1993); see also Johnson v. Morrell, Civ. Action No. 09-3753, 2009 WL 2599286, at *2 (E.D. La. Aug. 17, 2009); Franklin v. Louisiana, Civ. Action No. 05-3713 (E.D. La. Nov. 9, 2005) (Knowles, M.J.) (adopted by Vance, J., on Feb.

---

[4] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, September 24, 2009.

[5] Moreover, even if the District Judge were to determine that plaintiff's claims are not prescribed, the claims would still be barred by Heck v. Humphrey, 512 U.S. 477 (1994). Where, as here, an individual is ultimately convicted of the charge for which he was arrested and that conviction remains outstanding, Heck requires dismissal of his false arrest claim. See Wallace, 549 U.S. at 394 (2007); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Jordan, 2009 WL 2900013, at *2 n.4; Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). Heck likewise bars the related illegal search and seizure claim. See Johnson v. Bradford, 72 Fed. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002); Jordan, 2009 WL 2900013, at *2 n.4.

9, 2006). If plaintiff believes that he has been denied access to public records to which he is entitled under state law, he must pursue that claim in the state district court and, if necessary, appellate courts.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteenth day of October, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**